[No. 10,058.]

## THE PEOPLE *v.* AH YOU.

CHALLENGE TO JURORS.—A defendant in a criminal action has a right, under Section 1,068, Penal Code, to interpose a peremptory challenge to a juror at any time after his name is drawn and before he is sworn to try the cause.

APPEAL from the District Court of the Second Judicial District, County of Butte.

The defendant was indicted jointly with You Ton for the crime of murder, committed in the killing of Ah Lung. At the trial twelve jurors were called and sworn to answer questions. After they had answered, several peremptory challenges were interposed, and the remainder were accepted. Others were then called to fill the panel, and after they had been examined for cause, the defendant peremptorily challenged Davis who had been accepted as a juror when the first list of jurors was called. The challenge was disallowed, the Court holding that it could not be interposed without cause shown. The defendant was convicted of murder in the second degree and appealed.

*Paschal H. Coggins*, for Appellant.

The Penal Code (§1,068) provides that peremptory challenges "must be taken when the juror appears, and before he is sworn to try the cause; but the Court may, for cause,

permit it to be taken after the juror is sworn and before the jury is complete." The only reasonable construction must be that at any time after the juror has appeared and before he has been sworn to try the cause, the peremptory challenge may be interposed. If not this construction, the only other would be that the peremptory challenge must be interposed immediately upon the appearance of the juror, which is entirely opposed to the theory upon which peremptory challenges are allowed. (*People* v. *Jenks*, 24 Cal. 13; *People* v. *Rodriguez*, 10 Cal. 59; *People* v. *Kohle*, 4 Cal. 198.)

*Attorney-General Love*, for Respondent.

By the COURT:

By the provisions of Section 1,068 of the Penal Code, a defendant in a criminal action has a right to interpose a peremptory challenge to a juror at any time after his name is drawn, and before he is sworn to try the cause. It appears from the bill of exceptions that none of the jurors had been sworn to try the cause at the time the challenge to the juror Davis was offered. Disallowance of the challenge was error for which the judgment must be reversed.

Judgment reversed and cause remanded for a new trial.